**SO ORDERED.**

**SIGNED this 3rd day of January, 2024.**



_____
Mitchell L. Herren
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| In re: BRIAN ALAN COON | ) ) ) ) | *Electronically Filed*<br>Case no. 23-10767-13<br>Chapter 13 |
|  Debtor(s) |  |  |

### ORDER MODIFYING AND CONFIRMING AMENDED PLAN

**Now on** December 7, 2023, the Court has determined that the Debtor's Plan meets the confirmation requirements of Chapter 13 of Title 11 of the United States Code. (All references to "Debtor" in this Order refer to the Debtor and Co-debtor, if any, collectively and individually unless otherwise specified.) The Court finds that the Debtor's Plan as last amended is confirmed, and **ORDERS**:

1. **PAYMENTS.** Debtor shall make plan payments in the monthly amount of $1,000.00 for 2 months, $2,100.00 for 2 months and $2,328.00 for 56 months as required by the plan as confirmed and modified herein, and mail said payments to:

    **CARL B. DAVIS, TRUSTEE
    PO BOX 2818
    WICHITA KS 67201-2818**

2. **DEBTOR ULTIMATELY RESPONSIBLE FOR PLAN PAYMENTS.** If Debtor's employer is required to make the Plan payment but does not, then the Debtor is ultimately responsible to timely make all Plan payments. If the Debtor does not cause such payments to be timely made, the Trustee may request, and the Court may issue, without further notice, an order directing the Debtor employer to make the appropriate deductions and payments to the Trustee.

3. **CHANGE OF ADDRESS OR EMPLOYMENT.** The Debtor shall immediately notify the Court and the Trustee, in writing, of any change of address or any change in employment. Notice of a change in employment shall include the name and appropriate mailing address for the payroll department of the new employer.

4. **INCURRING POST-PETITION DEBT.** DEBTOR SHALL NOT INCUR ANY ADDITIONAL DEBTS DURING THE PENDENCY OF THE PLAN WITHOUT PRIOR APPROVAL BY THE COURT OR THE TRUSTEE, EXCEPT DEBTS THAT MAY BE NECESSARY FOR THE PROTECTION AND PRESERVATION OF LIFE, HEALTH OR PROPERTY, SUCH AS FOOD, CLOTHING, LODGING OR MEDICAL CARE FOR DEBTOR OR FAMILY.

5. **DEBTOR DUTY TO REPORT.** The Debtor shall timely report to the Trustee any events affecting disposable income which are not projected on Schedules I and J, including but not limited to tax refunds, inheritances, prizes, lawsuits, gifts, etc., that are received or receivable during the pendency of the case.

OCONAMOD.DOC/DOC GEN/JEN/12/12/2023

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
In Re: Chapter 13, Case No. 23-10767-13
BRIAN ALAN COON
Page 2
December 12, 2023
ORDER MODIFYING AND CONFIRMING AMENDED PLAN

**6. DISPOSAL OF PROPERTY.** During the pendency of this case, Debtor is enjoined and prohibited from selling, encumbering, or in any manner disposing of assets without prior order of the Court, except as may be required in the course of Debtor's business, if Debtor is engaged in business.

**7. TAX RETURNS.** Debtor shall timely file all tax returns that become due during the pendency of this case, and provide a copy to the Trustee at the same time the return is filed, if requested by the Chapter 13 Trustee. Confirmation of a plan is without prejudice to the trustee seeking to alter the liquidation value in Section 15 based on the Debtor's entitlement to receive pre-petition non-exempt federal and state tax refunds.

**8. LENGTH OF PLAN.** Nothing in the Plan shall be construed to permit Debtor to receive a discharge before three years if Debtor is a below median income debtor, or before five years if Debtor is an above median debtor, unless all claims are paid in full.

**9. MORTGAGE DEFAULTS.** The amount of the pre-petition mortgage note arrearage, if any, as specified in the real estate creditor's proof of claim, shall govern, unless the amount is specifically controverted in the Plan or by an objection to the claim as requested by D. Kan. LBR 3015(b).1. Creditors are bound by the interest rate stated in the Plan, unless modified by a separate order.

If Debtor pays the pre-petition arrearage as determined in the foregoing paragraph, together with interest, if any, as specified in the Plan, all pre-petition defaults will be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.

No real estate creditor shall ever assess, charge or collect, from either the debtor or the real estate collateral any assessments, fees, costs, expenses or any other monetary amounts, exclusive of principal, interest, taxes and insurance, that arose from the date of filing of the bankruptcy petition to the entry of the Order of Discharge except as may be allowed by court order or an allowed proof of claim.

**10. CONFIRMATION OBLIGATIONS.** Confirmation of this Plan is a finding that Debtor has complied with all of the applicable provisions of 11 U.S.C. §§ 1322 and 1325 and Debtor has fulfilled all pre-confirmation obligations under 11 U.S.C. § 521.

**11. NOTICE PROVIDED.** The Court finds that written notice of the confirmation hearing has been given by mail to all creditors and interested parties as shown by Debtor's matrix filed herein, which notice is hereby approved.

**12. TRUSTEE FEE.** Notwithstanding any plan provision to the contrary, the Trustee shall be paid a variable percentage fee in accord with 28 U.S.C. § 586(e).

**13. VESTING.** After approval of the Trustee's Final Report and Account by the Court, all property of the bankruptcy estate that is not proposed or reasonably contemplated to be distributable under the Plan, shall re-vest in Debtor as Debtor's property following dismissal or discharge, unless the property earlier vested by terms of the confirmed plan.

**14. UNCLAIMED FUNDS.** All funds that remain unclaimed ninety days after distribution of the final dividend shall be processed and deposited as provided by Bankruptcy Rule 3011.

**15. ADDITIONAL FINDINGS.** In the event findings of fact and conclusions of law, as required by Fed. R. Bank. P. 7052 and Fed. R. Civ. P. 52, were stated orally and recorded in open court, these are hereby incorporated herein by reference.

**16. REPORTS.** At least once annually, the Trustee shall mail to the Debtor and file with the Court a report showing the funds received and the disbursements made by the Trustee.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
In Re: Chapter 13, Case No. 23-10767-13
BRIAN ALAN COON
Page 3
December 12, 2023
ORDER MODIFYING AND CONFIRMING AMENDED PLAN

**17. DIRECT PAYMENTS.** The failure of the Debtor(s) to make direct payments to a creditor, with the exception of domestic support obligations, shall not bar entry of discharge or completion of the case.

**18. ADDITIONAL PROVISIONS.** This plan is hereby modified, by interlineation, as follows:

a. To resolve the Trustee's disposable income objection, the Debtor shall pay to the Trustee plan payments in the amount of $1,000.00 per month, for a period of 2 months, and then beginning November, 2023, the Debtor shall pay $2,100.00 per month, for a period of 2 months. Beginning January, 2024, the Debtor shall pay $2,328.00 per month, for the remaining 56 months, until a total of not less than $136,568.00 has been paid under the plan.

b. Debtor and Trustee agree Debtor's projected disposable income requirement from Official Form 122C is $12,000.00 over the life of the plan.

c. The extension language in plan section 3.5 is hereby stricken because Debtor has income that is above the median for Kansas so the plan term can be no less than 60 months.

d. The non-standard provisions in plan section 18 are hereby stricken. Debtor is curing and maintaining his ongoing mortgage payments through case administration and is not currently going through a loan modification.

e. The First Amended Plan was filed to pay the ongoing mortgage payment and arrearages through the plan to Freedom Mortgage. Due to the timing of the First Amended Plan, the first ongoing mortgage payment to be paid through the plan will be for the payment due December, 2023. An additional mortgage payment due for November, 2023 shall be added to the GAP arrearage claim to be paid with late fees and 5% interest, pursuant to L.B.R. 3015(b).2.

f. On or before May 1st of each year while the case is pending, the Debtor(s) shall turn over to the Trustee complete copies of the filed Federal and State income tax returns with all schedules and related documents, including the W2s. The Trustee in his discretion may request turnover of all or part of the non-exempt and non-EIC portion of the refunds.

**# # #**

Prepared and Approved by:

*s/Carl B. Davis*
Carl B. Davis, S. Ct. #13705
Standing Chapter 13 Trustee
300 W. Douglas Ave., Suite 650
Wichita KS 67202-2921
cbdsig@kstrustee.com
(316) 267-1791

*s/Dana Manweiler Milby*
Dana Manweiler Milby, S.Ct.#15497
Attorney At Law
300 W Douglas #600
Wichita, Ks 67202
(316)262-7696